IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PRECIOUS JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-2046 |
| v. ) | |
| ) | |
| POLICE OFFICERS MATT RUSH, ) | |
| MATT J. CRANE, ASHLEY PETKUNAS and ) | |
| the CITY OF CHAMPAIGN, ILLINIOIS, ) | |
| a Municipal Corporation, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES, Officer Matt J. Crane ("Defendant"), by and through his attorneys, Thomas, Mamer & Haughey, LLP, and answers the complaint in this action as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

ANSWER: Defendant admits the allegations of this paragraph.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Central District of Illinois.

ANSWER: Defendant admits the allegations of this paragraph.

3. Plaintiff, PRECIOUS JACKSON, is an African-American female individual who at all times relevant hereto was present in, and a resident of, the Central District of Illinois.

ANSWER: Defendant admits the allegations of this paragraph.

1

4. Defendants, CHAMPAIGN POLICE OFFICERS MATT RUSH, MATT CRANE, and ASHLEY PETKUNAS ("DEFENDANT OFFICERS") were at all times material hereto, duly appointed Champaign Police Officers employed by the City of Champaign acting in the capacity of sworn law enforcement officials and therefore acting under color of law.

ANSWER: Defendant admits the allegations of this paragraph.

5. The Defendant, City of Champaign, Illinois (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

ANSWER: Defendant admits the allegations of this paragraph.

## **FACTUAL SUMMARY**

6. On May 26, 2014, at approximately 6:52 a.m., Defendants Rush and Crane responded to reports of a kitchen fire at Plaintiff's residence, 610 Goldenview in Champaign, Illinois. At that time, Defendants Rush and Crane were familiar with this location and knew that Plaintiff suffered from a mental health problem. Plaintiff was not home at the time.

ANSWER: Defendant admits that on May 26, 2014, at approximately 6:52 a.m., Defendants Rush and Crane responded to reports of a kitchen fire at Plaintiff's residence, 610 Goldenview in Champaign, Illinois and that plaintiff was not home at the time. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

7. The fire was put out without further incident. On June 5, 2014, Officer Rush admitted, "I could tell her actions weren't necessarily criminal, it was more her mental capacity than anything else that caused it."

2

ANSWER: Defendant admits that the fire was put out without further incident. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

8. Although there was no probable cause to arrest Plaintiff for any crime, Defendants Rush and Crane began looking for Plaintiff.

ANSWER: Defendant admits that there was no probable cause to arrest plaintiff for any crime at that specific time and location. Further answering, Rush and Crane began looking for plaintiff in order to further investigate the fire that took place at her residence.

9. Plaintiff was walking in the area of 1634 University Avenue in Champaign, Illinois, at approximately 7:22 a.m. on May 26, 2014, when Officer Rush pulled his police vehicle alongside Plaintiff and aggressively yelled at her to "come here."

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

10. Much of this encounter was not audio recorded because Officer Rush failed to activate his audio transmitter. It was, however, video recorded on Officer Rush's squad car camera and is available for viewing on the City of Champaign's website at http://vp.telvue.com/player?id=T01169&video=257936.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Rush failed to activate his audio transmitter and therefore denies the same. Defendant admits the remaining allegations of this paragraph.

11. Plaintiff continued walking down the sidewalk when Officer Rush abruptly ran out of his car and chased Plaintiff.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

12. At that time, Plaintiff turned around to face Officer Rush, a man that stands over 6 feet tall and weighs well over 200 pounds, and Officer Rush immediately slammed her into the ground.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

13. Officer Rush put the entire weight of his body on top of Plaintiff's stomach and torso. Officer Rush straddled Plaintiff even though the body slam had caused the nightgown Plaintiff was wearing to come up, exposing her vagina and breasts.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

14. Officer Rush then punched Plaintiff, sprayed her with OC spray directly in the eyes, kneed her in the thigh, and kneed her in the groin area. This caused Plaintiff a tremendous amount of pain.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

15. All of the force described above was unnecessary and unreasonable under the circumstances.

ANSWER: Defendant denies the allegations of this paragraph.

16. With respect to the punch, the City of Champaign itself concluded in an internal investigation that Officer Rush acted deceitfully in that he failed to document in any official report that he punched Plaintiff.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

17. At the time that Officer Rush used the force described above, Plaintiff, upon information and belief, was pregnant.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

18. The foregoing actions of Officer Rush put Plaintiff in tremendous pain, caused eye burning, blurred vision, bruising, and further caused Plaintiff to bleed from her vagina. Upon information and belief, the actions of Officer Rush also caused Plaintiff to lose her unborn child.

ANSWER: Defendant denies the allegations of this paragraph.

19. Sergeant Matt Crane and Ashley Petkunas arrived at the scene of Plaintiff's beating along with several other police officers.

ANSWER: Defendant denies that Plaintiff was beaten. Defendant admits the remaining allegations of this paragraph.

20. According to the policies of the City of Champaign Police Department, Sergeant Crane at that point was responsible for ensuring that Plaintiff received medical attention and that her eyes were to be cleaned from the OC spray.

ANSWER: Defendant admits that according to the policies of the City of Champaign Police Department, he at that point was responsible for ensuring that Plaintiff received medical attention as necessary under the circumstances.

21. Plaintiff begged Defendants Crane and Petkunas to be taken to the hospital for medical treatment and to have her eyes cleaned from the OC spray. Nevertheless, Plaintiff was

placed into Defendant Petkunas' police vehicle and sat there for over 6 minutes without anyone taking any action to assist Plaintiff.

ANSWER: Defendant denies that plaintiff begged Crane and Petkunas to be taken to the hospital for medical treatment and to have her eyes cleaned from the OC spray. Defendant admits that plaintiff was placed into Officer Epling's police vehicle and that Petkunas drove that vehicle to the Champaign County Jail. Defendant lacks knowledge or information sufficient to form a belief as to whether plaintiff sat in the vehicle for over 6 minutes without anyone taking any action to assist Plaintiff.

22. During these 6 minutes and at the scene of 1634 University Avenue, Defendant Officers had an in-person meeting where they agreed to falsely arrest Plaintiff and take her to jail in order to cover up Officer Rush's use of excessive force.

ANSWER: Defendant denies the allegations of this paragraph.

23. Defendant Officers arrested Plaintiff and charged her with aggravated battery to a police officer, resisting arrest, and criminal damage to property. There was no probable cause for these charges and there was no probable cause for Plaintiff's arrest.

ANSWER: Defendant admits that Defendant Officers arrested Plaintiff and that she was charged by the State's Attorney with aggravated battery to a police officer, resisting arrest, and criminal damage to property. Defendant denies the remaining allegations of this paragraph.

24. With regards to the criminal damage to property charge, Defendant Officers conspired to falsely associate Plaintiff with an incident earlier that day that occurred at a Thornton's where someone other than Plaintiff smashed a bottle of alcohol. All along, Defendant Officers knew that Plaintiff was not involved in the Thornton's incident and knew that there was not probable cause to arrest Plaintiff for criminal damage to property or any other crime.

ANSWER: Defendant denies the allegations of this paragraph.

25. By Officer Rush's own admission in an official statement to the Champaign Police Department, he knew that Plaintiff was not involved in the Thornton's incident "because of the timing of the [fire] and the distance to Thornton's."

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

26. Upon agreeing with Officers Rush and Crane to falsely arrest Plaintiff and deny her medical care, Defendant Petkunas took Plaintiff to the Champaign County Jail instead of taking her to the hospital. Defendant Petkunas did this despite Plaintiff's serious and obvious medical need and despite Plaintiff's repeated cries to Defendants Crane, Petkunas, and other police officers to take her to the hospital. No member of the Champaign Police Department ever did clean the OC spray from Plaintiff's eyes.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of whether any member of the Champaign Police Department ever cleaned OC spray from Plaintiff's eyes. Defendant denies the remaining allegations of this paragraph.

27. On July 29, 2014, all criminal charges against Plaintiff in connection with the incident described above were dismissed.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

### COUNT I
**(42 U.S.C. § 1983: Excessive Force)**
**(Defendant Champaign Police Officer Matt Rush)**

28. Plaintiff re-alleges and incorporates paragraphs 1-27 above as fully stated herein.

ANSWER: The allegations of this Count I are not directed to this Defendant, therefore Defendant provides no response to same.

29. The acts of the DEFENDANT RUSH were an unreasonable, deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

ANSWER: The allegations of this Count I are not directed to this Defendant, therefore Defendant provides no response to same.

30. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT RUSH, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

ANSWER: The allegations of this Count I are not directed to this Defendant, therefore Defendant provides no response to same.

## COUNT II
**(Section 1983 Denial of Medical Care)**
**(Officers Rush, Crane, and Petkunas)**

31. Plaintiff re-alleges and incorporates paragraphs 1-27 above as fully stated herein.

ANSWER: Defendant restates his answers to paragraphs 1-27 above as fully stated herein.

32. Plaintiff had a serious medical need as alleged above, to wit, her eyes were burning and she was bleeding from her vagina.

ANSWER: Defendant denies the allegations of this paragraph.

33. Defendant Officers unreasonably disregarded and were deliberately indifferent to Plaintiff's serious medical need.

ANSWER: Defendant denies the allegations of this paragraph.

34. As a result of the unreasonable and deliberate indifference to Plaintiff's serious medical need, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

ANSWER: Defendant denies the allegations of this paragraph.

35. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

ANSWER: Defendant denies the allegations of this paragraph.

36. As a result of the above-described wrongful infringement of Plaintiff's rights, she has suffered financial and other damages, including but not limited to emotional stress and anguish.

ANSWER: Defendant denies the allegations of this paragraph.

37. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, specifically, the Fourth Amendment and Fourteenth Amendment.

ANSWER: Defendant denies the allegations of this paragraph.

## COUNT III
**(False Arrest)**
**(Defendant Champaign Police Officers Rush, Crane, and Petkunas)**

38. Plaintiff re-alleges and incorporates paragraphs 1-27, as if fully restated herein.

ANSWER: Defendant restates his answers to paragraphs 1-27 above as fully stated herein.

39. Defendant Officers arrested Plaintiff.

ANSWER: Defendant admits the allegations of this paragraph.

40. Defendant Officers did not have probable cause to arrest Plaintiff.

ANSWER: Defendant denies the allegations of this paragraph.

41. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

ANSWER: Defendant denies the allegations of this paragraph.

42. As a result of the above-described wrongful infringement of Plaintiff's rights, she has suffered financial and other damages, including but not limited to emotional stress and anguish.

ANSWER: Defendant denies the allegations of this paragraph.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

ANSWER: Defendant denies the allegations of this paragraph.

## COUNT IV
### (False Arrest)
### (Defendant Champaign Police Officers Rush, Crane, and Petkunas)

44. Plaintiff re-alleges and incorporates paragraphs 1-27, as if fully restated herein.

ANSWER: Defendant restates his answers to paragraphs 1-27 above as fully stated herein.

45. While Defendant Officers were still at the scene of 1634 University Avenue, Defendant Officers had an in-person meeting where they agreed to falsely arrest Plaintiff despite the absence of probable cause in order to create a false narrative and justification for Officer Rush to have baselessly slammed Plaintiff into the ground, kneed her, and punched her. At this same time, Defendant Officers discussed whether they would take Plaintiff to the hospital as she requested and whether that might provide Plaintiff with medical documentation as to the excessive force that Officer Rush had just committed. Defendant Officers agreed at that time that Officer Petkunas would not take Plaintiff to the hospital and would instead take her directly to jail.

ANSWER: Defendant admits that he instructed Petkunas to take plaintiff to the Champaign County jail as there was no serious medical need to take her to the hospital. Defendant denies the remaining allegations of this paragraph.

46. In this manner, Defendant Officers conspired by concerted and overt action to accomplish an unlawful purpose.

ANSWER: Defendant denies the allegations of this paragraph.

47. In furtherance of this conspiracy Defendant Officers committed overt acts and otherwise demonstrated willful participation in a joint, unlawful activity.

ANSWER: Defendant denies the allegations of this paragraph.

48. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

ANSWER: Defendant denies the allegations of this paragraph.

49. The misconduct described above was taken with malice, willfulness and/or the reckless disregard for the rights of Plaintiff.

ANSWER: Defendant denies the allegations of this paragraph.

## COUNT V
**(Municipal Policy Claim)**
**(Defendant City of Champaign)**

50. Plaintiff re-alleges and incorporates paragraphs 1-27 above as fully stated herein.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

51. DEFENDANT CITY is responsible for the creation and adoption of rules and regulations for the governance of the City of Champaign and for the Champaign Police Department.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

52. The City of Champaign retains policy makers that train and supervise its police officers about the use of force.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

53. The unconstitutional actions of DEFENDANT OFFICERS, as alleged above, were done pursuant to the policy and practice of the City of Champaign of failing to adequately and meaningfully train, supervise, or discipline its police officers. Such a failure amounts to deliberate indifference on the part of the City of Champaign and on the part of its leading officials.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

54. For example, prior to May 26, 2014, the DEFENDANT CITY, through the Champaign Police Department's Office of Professional Standards, was aware that DEFENDANT RUSH "had a tendency to punch people" and had a substantially elevated number of "use of force" incidents as compared to his peer police officers. The City of Champaign also was aware of the fact that Officer Rush had the most use of force incidents in its entire police department for the year of 2013 and much of 2014. Nevertheless, DEFENDANT CITY continued to allow DEFENDANT RUSH to exercise police powers without any meaningful oversight until Officer Rush was terminated effective August 8, 2014.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph

55. Officer Rush was subsequently rehired and is still permitted by the City of Champaign to exercise his police powers, including make arrests, even though Chief of Police Anthony Cobb has sent a *Brady* disclosure letter to Champaign County State's Attorney Julie Reitz to the effect that Officer Rush was involved in untruthful or deceptive representations.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

56. DEFENDANT CITY, prior to May 26, 2014, was aware that DEFENDANT RUSH was not credible enough of a witness for it to even allow him to take the witness stand. For example, upon information and belief, in March of 2014, Chief of Police Anthony Cobb communicated with a member of the Champaign County State's Attorney's Office and advised a prosecutor that he would provide an alternative witness for an ongoing prosecution so that DEFENDANT RUSH would not need to testify.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

57. The failure by DEFENDANT CITY described above amounts to deliberate indifference on the part of DEFENDANT CITY and on the part of its leading officials.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

58. At all times relevant to this complaint, DEFENDANT OFFICERS were acting under color of law and pursuant to the unconstitutional policies set forth by the City of Champaign.

ANSWER: The allegations of this count are not directed to this Defendant, therefore Defendant provides no response to this paragraph.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that he be granted costs and fees, and such other relief this court deems equitable and just.

## JURY DEMAND

Defendant hereby requests a trial by a jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendant Crane is entitled to qualified immunity pursuant to 42 U.S.C. §1983. Any action taken by him during the process of arresting Plaintiff as alleged in the Complaint was objectively reasonable in light of the totality of circumstances he faced, and, therefore, he is not liable for any of the claims alleged against him in the complaint.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiff, and that he be granted costs and fees, and such other relief this court deems equitable and just.

Dated: March 14, 2016

Respectfully submitted,

Officer Matt Crane

/s/ Thomas Yu
Thomas S. Yu, Bar No. 6273289
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL 61824-0560
Phone: (217) 351-1500
Fax: (217) 351-2169
tyu@tmh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

/s/ Thomas Yu

Thomas S. Yu, Bar No. 6273289

THOMAS, MAMER & HAUGHEY, LLP
30 Main St., P.O. Box 560
Champaign, IL 61824-0560
Ph: (217) 351-1500
*tyu@tmh-law.com*