13263-2
KEF/tlp

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| PRECIOUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 16-CV-2046 |
| | ) | |
| POLICE OFFICERS MATT RUSH, MATT J. CRANE, ASHLEY PETKUNAS and the CITY OF CHAMPAIGN, ILLINOIS, a Municipal Corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT MATT RUSH'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, MATT RUSH, by KEITH E. FRUEHLING of HEYL, ROYSTER, VOELKER & ALLEN, his attorneys, and for his Answer to the Complaint of the Plaintiff, PRECIOUS JACKSON, states as follows:

1. This is an action for civil damages brought pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

ANSWER: Defendant admits the allegations of Paragraph 1.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Central District of Illinois.

ANSWER: Defendant admits the allegations of Paragraph 2.

3. Plaintiff, PRECIOUS JACKSON, is an African-American female individual who at all times relevant hereto was present in, and a resident of, the Central District of Illinois.

ANSWER: Defendant admits the allegations of Paragraph 3.

4. Defendants, CHAMPAIGN POLICE OFFICERS MATT RUSH, MATT CRANE, and ASHLEY PETKUNAS ("DEFENDANT OFFICERS") were at all times material hereto, duly appointed Champaign Police Officers employed by the City of Champaign acting in the capacity of sworn law enforcement officials and therefore acting under color of law.

ANSWER: Defendant admits the allegations of Paragraph 4.

5. The Defendant, City of Champaign, Illinois (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

ANSWER: Defendant admits the allegations of Paragraph 5.

## FACTUAL SUMMARY

6. On May 26, 2014, at approximately 6:52 a.m., Defendants Rush and Crane responded to reports of a kitchen fire at Plaintiff's residence, 610 Goldenview in Champaign, Illinois. At that time, Defendants Rush and Crane were familiar with this location and knew that Plaintiff suffered from a mental health problem. Plaintiff was not home at the time.

ANSWER: Defendant admits the allegations of Paragraph 6 with respect to the visit to the subject address and that Plaintiff was not present at that location at that time. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6, and, therefore, denies the same.

7. The fire was put out without further incident. On June 5, 2014, Officer Rush admitted, "I could tell her actions weren't necessarily criminal, it was more her mental capacity than anything else that caused it."

ANSWER: Defendant admits the first sentence of Paragraph 7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7.

8. Although there was no probable cause to arrest Plaintiff for any crime, Defendants Rush and Crane began looking for Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 8 as the allegations fail to identify a specific timeframe. Assuming the allegations of Paragraph 8 relate to immediately after the fire, Defendant admits that there was no probable cause to arrest Plaintiff for any crime immediately after the fire at the location of the fire. In further answering and pleading, the Defendant admits that he and the other officer(s) began looking for the Plaintiff in order to check on her well-being as a result of the fire that occurred at her residence.

9. Plaintiff was walking in the area of 1634 University Avenue in Champaign, Illinois, at approximately 7:22 a.m. on May 26, 2014, when Officer Rush pulled his police vehicle alongside Plaintiff and aggressively yelled at her to "come here."

ANSWER: Defendant admits that the Plaintiff was walking the area of 1634 University Avenue in Champaign, Illinois at approximately 7:22 a.m. on May 26, 2014, and that Officer Rush pulled his police vehicle alongside Plaintiff, but denies the remaining allegations of Paragraph 9.

10. Much of this encounter was not audio recorded because Officer Rush failed to activate his audio transmitter. It was, however, video recorded on Officer Rush's squad car camera and is available for viewing on the City of Champaign's website at http://wp.telvue.com/player?id=t01169&video=257936.

ANSWER: Defendant denies the allegations of Paragraph 10, as alleged.

11. Plaintiff continued walking down the sidewalk when Officer Rush abruptly ran out of his car and chased Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 11, as alleged.

12. At that time, Plaintiff turned around to face Officer Rush, a man that stands over 6 feet tall and weighs well over 200 pounds, and Officer Rush immediately slammed her into the ground.

ANSWER: Defendant denies the allegations of Paragraph 12.

13. Officer Rush put the entire weight of his body on top of Plaintiff's stomach and torso. Officer Rush straddled Plaintiff even though the body slam had caused the nightgown Plaintiff was wearing to come up, exposing her vagina and breasts.

ANSWER: Defendant denies the allegations of Paragraph 13.

14. Officer Rush then punched Plaintiff, sprayed her with OC spray directly in the eyes, kneed her in the thigh, and kneed her in the groin area. This caused Plaintiff a tremendous amount of pain.

ANSWER: Defendant denies the allegations of Paragraph 14.

15. All of the force described above was unnecessary and unreasonable under the circumstances.

ANSWER: Defendant denies the allegations of Paragraph 15.

16. With respect to the punch, the City of Champaign itself concluded in an internal investigation that Officer Rush acted deceitfully in that he failed to document in any official report that he punched Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 16, as alleged.

17. At the time that Officer Rush used the force described above, Plaintiff, upon information and belief, was pregnant.

ANSWER: Defendant denies the allegations of Paragraph 17.

18. The foregoing actions of Officer Rush put Plaintiff in tremendous pain, caused eye burning, blurred vision, bruising, and further caused Plaintiff to bleed from her vagina. Upon information and belief, the actions of Officer Rush also caused Plaintiff to lose her unborn child.

ANSWER: Defendant denies the allegations of Paragraph 18.

19. Sergeant Matt Crane and Ashley Petkunas arrived at the scene of Plaintiff's beating along with several other police officers.

ANSWER: Defendant denies the allegations of Paragraph 19, as alleged.

20. According to the policies of the City of Champaign Police Department, Sergeant Crane at that point was responsible for ensuring that Plaintiff received medical attention and that her eyes were to be cleaned from the OC spray.

ANSWER: Defendant is familiar with the policies of the City of Champaign Police Department, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 20, and therefore, denies the same.

21. Plaintiff begged Defendants Crane and Petkunas to be taken to the hospital for medical treatment and to have her eyes cleaned from the OC spray. Nevertheless, Plaintiff was placed into Defendant Petkunas' police vehicle and sat there for over 6 minutes without anyone taking any action to assist Plaintiff.

ANSWER: At the time of the allegations set forth in Paragraph 21, the Defendant had left the scene and, therefore, this Defendant has insufficient knowledge as to whether to admit or deny the allegations of Paragraph 21, and therefore, denies the same.

22. During these 6 minutes and at the scene of 1634 University Avenue, Defendant Officers had an in-person meeting where they agreed to falsely arrest Plaintiff and take her to jail in order to cover up Officer Rush's use of excessive force.

ANSWER: Defendant denies the allegations of Paragraph 22.

23. Defendant Officers arrested Plaintiff and charged her with aggravated battery to a police officer, resisting arrest, and criminal damage to property. There was no probable cause for these charges and there was no probable cause for Plaintiff's arrest.

ANSWER: Defendant admits that Defendant Officers arrested Plaintiff and that the Champaign County State's Attorney later charged her with the offenses of aggravated battery to a police officer, resisting arrest, and criminal damage to property, but denies the remaining allegations of Paragraph 23.

24. With regards to the criminal damage to property charge, Defendant Officers conspired to falsely associate Plaintiff with an incident earlier that day that occurred at a Thornton's where someone other than Plaintiff smashed a bottle of alcohol. All along, Defendant Officers knew that Plaintiff was not involved in the Thornton's incident and knew that there was not probable cause to arrest Plaintiff for criminal damage to property or any other crime.

ANSWER: Defendant denies the allegations of Paragraph 24.

25. By Officer Rush's own admission in an official statement to the Champaign Police Department, he new that Plaintiff was not involved in the Thornton's incident "because of the timing of the [fire] and the distance to Thornton's."

ANSWER: Defendant denies the allegations of Paragraph 25, as alleged.

26. Upon agreeing with Officers Rush and Crane to falsely arrest Plaintiff and deny her medical care, Defendant Petkunas took Plaintiff to the Champaign County Jail instead of taking her to the hospital. Defendant Petkunas did this despite Plaintiff's serious and obvious medical need and despite Plaintiff's repeated cries to Defendants Crane, Petkunas, and other police officers to take her to the hospital. No member of the Champaign Police Department ever did clean the OC spray from Plaintiff's eyes.

ANSWER: Defendant denies the allegations in the first sentence of Paragraph 26; denies the allegations in the second sentence of Paragraph 26; and Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 26, and therefore, denies the same.

27. On July 29, 2014, all criminal charges against Plaintiff in connection with the incident described above were dismissed.

ANSWER: Defendant admits the allegations of Paragraph 27.

## COUNT I

(42 U.S.C. § 1983: Excessive Force)
(Defendant Champaign Police Officer Matt Rush)

28. Plaintiff re-alleges and incorporates paragraphs 1-27 above as fully stated herein.

ANSWER: Defendant hereby adopts and incorporates each and every one of its answers to Paragraphs 1 through 27 above, as and for its answers to Paragraph 28 of Count I.

29. The acts of the DEFENDANT RUSH were an unreasonable, deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

ANSWER: Defendant denies the allegations of Paragraph 29.

30. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT RUSH, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

ANSWER: Defendant denies the allegations of Paragraph 30.

WHEREFORE, the Defendant, MATT RUSH, prays that judgment be entered in his favor and against the Plaintiff, PRECIOUS JACKSON, and for costs of suit, together with such other relief as this Court deems necessary.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT II
### (Section 1983 Denial of Medical Care)
### (Officers Rush, Crane, and Petkunas)

31. Plaintiff re-alleges and incorporates paragraphs 1-27 above as fully stated herein.

ANSWER: Defendant hereby adopts and incorporates each and every one of its answers to Paragraphs 1 through 27 above, as and for its answers to Paragraph 31 of Count II.

32. Plaintiff had a serious medical need as alleged above, to wit, her eyes were burning and she was bleeding from her vagina.

ANSWER: Defendant admits that the Plaintiff's eyes may have been affected by the pepper spray, but denies all remaining allegations of Paragraph 32.

33. Defendant Officers unreasonably disregarded and were deliberately indifferent to Plaintiff's serious medical need.

ANSWER: Defendant denies the allegations of Paragraph 33.

34. As a result of the unreasonable and deliberate indifference to Plaintiff's serious medical need, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

ANSWER: Defendant denies the allegations of Paragraph 34.

35. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 35.

36. As a result of the above-described wrongful infringement of Plaintiff's rights, she has suffered financial and other damages, including but not limited to emotional stress and anguish.

ANSWER: Defendant denies the allegations of Paragraph 36.

37. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, specifically, the Fourth Amendment and Fourteenth Amendment.

ANSWER: Defendant denies the allegations of Paragraph 37.

WHEREFORE, the Defendant, MATT RUSH, prays that judgment be entered in his favor and against the Plaintiff, PRECIOUS JACKSON, and for costs of suit, together with such other relief as this Court deems necessary.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT III
(False Arrest)
(Defendant Champaign Police Officers Rush, Crane, and Petkunas)

38. Plaintiff re-alleges and incorporates paragraphs 1-27, as if fully restated herein.

ANSWER: Defendant hereby adopts and incorporates each and every one of its answers to Paragraphs 1 through 27 above, as and for its answers to Paragraph 38 of Count III.

39. Defendant Officers arrested Plaintiff.

ANSWER: Defendant admits the allegations of Paragraph 39.

40. Defendant Officers did not have probable cause to arrest Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 40.

41. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 41.

42. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to emotional stress and anguish.

ANSWER: Defendant denies the allegations of Paragraph 42.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

ANSWER: Defendant denies the allegations of Paragraph 43.

WHEREFORE, the Defendant, MATT RUSH, prays that judgment be entered in his favor and against the Plaintiff, PRECIOUS JACKSON, and for costs of suit, together with such other relief as this Court deems necessary.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT IV
(False Arrest)
(Defendant Champaign Police Officers Rush, Crane, and Petkunas)

44. Plaintiff re-alleges and incorporates paragraphs 1-27, as if fully restated herein.

ANSWER: Defendant hereby adopts and incorporates each and every one of its answers to Paragraphs 1 through 27 above, as and for its answers to Paragraph 44 of Count IV.

45. While Defendant Officers were still at the scene of 1634 University Avenue, Defendant Officers had an in-person meeting where they agreed to falsely arrest Plaintiff despite the absence of probable cause in order to create a false narrative and justification for Officer Rush to have baselessly slammed Plaintiff into the ground, kneed her, and punched her. At this same time, Defendant Officers discussed whether they would take Plaintiff to the hospital as she requested and whether that might provide Plaintiff with medical documentation as to the excessive force that Officer Rush had just committed. Defendant Officers agreed at that time that Officer Petkunas would not taken Plaintiff to the hospital and would instead take her directly to jail.

ANSWER: Defendant denies the allegations in the first sentence of Paragraph 45. Defendant has insufficient information as to whether to admit or deny whether the other two officers engaged in the behavior set forth in the allegation as this Defendant had already left the scene. Therefore, the defendant denies the remaining allegations of Paragraph 45.

46. In this manner, Defendant Officers conspired by concerted and overt action to accomplish an unlawful purpose.

ANSWER: Defendant denies the allegations of Paragraph 46.

47. In furtherance of this conspiracy Defendant Officers committed overt acts and otherwise demonstrated willful participation in a joint, unlawful activity.

ANSWER: Defendant denies the allegations of Paragraph 47.

48. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

ANSWER: Defendant denies the allegations of Paragraph 48.

49. The misconduct described above was taken with malice, willfulness and/or the reckless disregard for the rights of Plaintiff.

ANSWER: Defendant denies the allegations of Paragraph 49.

WHEREFORE, the Defendant, MATT RUSH, prays that judgment be entered in his favor and against the Plaintiff, PRECIOUS JACKSON, and for costs of suit, together with such other relief as this Court deems necessary.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT V
(Municipal Policy Claim)
(Defendant City of Champaign)

Count V is directed to Defendant City of Champaign and not against this Defendant; therefore, this Defendant makes no answer to Count V. However, to the extent that the allegations of Count V make any allegations of wrongdoing or misconduct or tendencies of this Defendant, this Defendant denies the same.

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to qualified immunity on the federal law claims asserted by Plaintiff.

2. To the extent that Plaintiff's Complaint references any action or omission on the part of the Defendant more than one year prior to the date that the Plaintiff filed her lawsuit on

the state law count(s), said claim(s) is barred by the statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act. (745 ILCS 10/8-101).

3. Defendant possessed knowledge of facts that established probable cause to arrest the Plaintiff on University Avenue, Champaign, Illinois.

4. Defendant cannot be liable on any counts rooted in state law for an injury allegedly caused by any failure to enforce any law pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, Sec. 2-205.

WHEREFORE, the Defendant, MATT RUSH, prays that judgment be entered in his favor and against the Plaintiff, PRECIOUS JACKSON, and for costs of suit, together with such other relief as this Court deems necessary.

DEFENDANT DEMANDS A TRIAL BY JURY.

Respectfully submitted,

MATT RUSH, Defendant

s/ Keith E. Fruehling_____
Attorney for Defendant
ARDC #6216098
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
E-mail: kfruehlng@heylroyster.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2016, I electronically filed the foregoing DEFENDANT MATT RUSH'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Shneur Zalman Nathan
Hale Law LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604

Mr. Thomas S. Yu
Thomas, Mamer & Haughey
30 E. Main Street, Suite 500
Champaign, IL 61824

Mr. David E. Krchak
Thomas, Mamer & Haughey
30 E. Main Street, Suite 500
Champaign, IL 61824

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None

        s/ Keith E. Fruehling_____
        Attorney for Defendant
        ARDC #6216098
        Heyl, Royster, Voelker & Allen
        102 E. Main Street, Suite 300
        P.O. Box 129
        Urbana, IL  61803-0129
        217-344-0060 Phone
        217-344-9295 Fax
        E-mail:  kfruehlng@heylroyster.com

29925125_1.DOCX